

_____
The Honorable Robert H Jacobvitz
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Richard Victor DiFino                                                           Case No. 20-12030-j7

    Debtor(s).

**STIPULATED AND DEFAULT ORDER GRANTING NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY LOCATED AT 840 TOADLENA MEADOWS DRIVE NE, RIO RANCHO, NEW MEXICO 87144**

    This matter came before the Court on the Motion for Relief from Stay and to Abandon Property located at 840 Toadlena Meadows Drive NE, Rio Rancho, New Mexico 87144 filed on December 10, 2020, Docket No. 19 (the "Motion") by NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On December 10, 2020, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the

"Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

LOT NUMBERED EIGHT (8) IN BLOCK NUMBERED ONE (1), NORTHERN MEADOWS UNIT 1, AS SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "NORTHERN MEADOWS UNIT 1, (BEING A REPLAT OF TRACT A-2 NORTHERN MEADOWS) WITHIN SECTION 34, TOWNSHIP 13 NORTH, RANGE 2 EAST, NEW MEXICO PRINCIPAL MERIDIAN, CITY OF RIO RANCHO, TOWN OF ALAMEDA GRANT, SANDOVAL COUNTY, NEW MEXICO", AS FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NEW MEXICO, ON AUGUST 4, 1998, IN RIO RANCHO ESTATES PLAT BOOK NO. 11, PAGES 26-29, (VOL. 3, FOLIO 1780A)

(the "Property").

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on January 4, 2021;

(f) As of January 5, 2021, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion. Debtor's counsel concurs with the Motion, as shown by his approval hereto;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on January 5, 2021, Krista Jones, Bankruptcy Legal Assistant ,searched the data banks of the Department of Defense

Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4.      This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property.  Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5.      This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6.      This order is effective and enforceable upon entry.  The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.

By: /S/Electronically submitted/ 01/05/21
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

APPROVED BY:

Approved via telephone 1/7/2021
Dennis M. Feld
Attorney for Debtor
PO Box 721
Placitas, NM  87043

COPIES TO:

Edward Alexander Mazel
Trustee
PO Box 21151
Albuquerque, NM  87154

Richard Victor DiFino
Debtor
1504 Peppoli Loop, SE
Rio Rancho, NM  87124